# Bachler's Appeal.
## In re Opening of .Walnut Street.

1. The mode of taking private property for public use by municipal corporations is in the control of the legislature, subject only to the limitations of the constitution.

2. Section 8, article 16 of the Constitution secures an appeal and trial by jury for damages, wherever private property is taken by a municipal corporation for public use, and the Act of June 13th 1874 furnishes the remedy thus secured to owners where no sufficient provision for trial by jury already existed. Pusey's Appeal, 2 Norris 67, and Williams *v.* City of Pittsburgh, Id. 71, followed.

May 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Certiorari to the Court of Quarter Sessions of *Lancaster county:* Of May Term 1879, No. 166.

Appeal of Leonard Bachler from the order of the court dismissing his appeal from the assessment of damages sustained by him by reason of the extension of East Walnut street, in 'the city of Lancaster. The facts were these:

The city of Lancaster by her solicitor, on the 26th day of February 1878, presented a petition to the Quarter Sessions of the county of Lancaster, praying the court to issue their warrant to the street commissioner of said city, requiring him to open Walnut street, from Shippen to Plum street, in accordance with a draft or plan of said city, made by the civil engineer of said city and approved by the court, according to the Act of April 18th 1873, Pamph. L. 811, the material portions of which will be found in the opinion of this court.

Leonard Bachler, the appellant, and others, owners of property which would be taken or injured by the said extension of Walnut street, petitioned the court to appoint viewers to assess the damages that would be sustained by them by reason of said extension. Viewers were accordingly appointed by the court, who upon a view

of the premises, awarded, among others, to the appellant the sum of $1200. Their report was filed on the 30th day of January 1879, and on the 22d of February 1879, it was presented to the court, read and confirmed *nisi*. On the 25th of February 1879, Bachler appealed from said assessment of damages, for the purpose of obtaining a trial by jury, and on the 26th of February 1879, the court granted a rule to show cause why the said appeal should not be stricken off. And on the 29th of March 1879, the court dismissed the appeal *pro forma*.

This action of the court was assigned for error by Bachler, who took this appeal.

*B. C. Kready* and *D. G. Eshleman*, for appellant.—The appellant was entitled to an appeal under the Act of June 13th 1874, Pamph. L. 283: Pusey's Appeal, 2 Norris 67; Williams *v.* City of Pittsburgh, Id. 71; Cummings *v.* City of Williamsport, 3 Id. 472; City of Pittsburgh *v.* Irwin, 4 Id. 420.

*J. Hay Brown* and *George Nauman*, for appellee.—The viewers having failed to assess any damages against the city of Lancaster, this proceeding is entirely against the county. The constitutional provision does not execute itself, and the appeal depends on the Act of 1874. An appeal under that act lies only when land is taken by a municipal or other corporation invested with the power of taking private property for public use. In this case the city of Lancaster does not take, nor is it invested with the power to take. Under the Act of 1873, the councils of the city of Lancaster are "*required*" to elect an engineer. The court approves, rejects or alters his draft, and orders the opening of streets upon the petition of freeholders or councils. The city cannot touch an inch of ground. Nor does the county take. The court does everything; and, if the county did take, it is not a municipal corporation within the meaning of art. 16, sect. 8, of the Constitution, nor of the Act of the 13th June 1874: Freeze *v.* County of Columbia, 6 W. N. C. 145, opinion by Elwell, P. J.

The cases cited by appellant arose under special acts, and in all of them, the municipalities had the power to open the streets.

Mr. Justice TRUNKEY delivered the opinion of the court, May 26th 1879.

The mode of taking private property for public use by municipal corporations is in the control of the legislature, subject only to the limitations of the constitution. Whether it be by action of the city officers; or, as was formerly lawful, by a special commission; or through the courts, the end is reached—the owner is deprived of his property for the use of the municipality. If it be taken for a highway, by similar process as is provided for laying out and opening a public road in a county, the result is a street in

[Bachler's Appeal.]

a city or borough, not varying a particle from one laid out and opened by the immediate action of the municipal officers. Nor does it make the slightest difference who pays the damages. That also is controlled by the state. She may pay them herself, or direct that they be paid by the city, borough or county; or by assessments upon property benefited by the improvement.

The Act of April 18th 1873, relating to laying out, opening and grading streets in the city of Lancaster, provided for a complete survey and plan of the city, including the widening of old streets and alterations in their grades, the vacating of public and private ways which may be supplied, and the locating and grades of new streets. The councils of the city appointed the engineer and assistants to do this work, and the plan was made ·subject to correction and final adoption by the Court of Quarter Sessions. Before the opening of a new street, laid out on said plan, prescribed proceedings must be had in said court for an order and ascertainment of damages. Can it be seriously pretended that, because of the manner in which the plan was adopted and by which new streets may be opened, the property appropriated for that purpose is not taken by the city? Whatever the agencies which make the appropriation, they are created by the·state and act in behalf of the corporation. The city derives its powers, officers and agents from the Commonwealth. These may be changed. The plan adopted in pursuance of the Act of 1873, was for improvement of the city and better regulation of its highways. The procedure directed by that act changed the agency and form of laying out and opening new streets, yet taking property for them is as truly its act as if the immediate agency were the councils.

This case was commenced by petition to the court to direct the opening of Walnut street from Shippen to Plum. The Act of 1873 forbids its opening "until the owner or owners of ground through and over which the same may pass shall have been paid the damage which shall have been ascertained." Viewers were appointed, as the law directs, who performed their duties. From their report Bachler appealed and demanded a jury trial. The court dismissed his appeal *pro forma*, and that was error. Section 8, article 16, of the Constitution secures an appeal and a trial by jury for damages, wherever private property is taken by a municipal corporation for public use, and the Act of June 13th 1874 furnishes the remedy thus secured to owners, where no sufficient provision for trial by jury already existed. The remarks by AGNEW, C. J., in Pusey's Appeal, 2 Norris 67, and Williams *v.* City of Pittsburgh, Id. 71, are so apposite to this case that nothing need be added.

The order of March 29th 1879, dismissing the appeal of Leonard Bachler, is reversed, and the appeal restored; the record to be remitted and *procedendo* awarded.